# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE ) | Chapter 11 |
| ) | |
| AMERICAN CONSOLIDATED ) | No. 09-bk-26062 |
| TRANSPORTATION COMPANIES, ) | (Jointly Administered) |
| INC., *et al.*, ) | |
| Debtors. ) | |

## MEMORANDUM OPINION ON DEBTORS' MOTION FOR PRELIMINARY USE OF CASH COLLATERAL

This case under Chapter 11 of the Bankruptcy Code was filed on July 19, 2009. American Consolidated Transportation Companies, Inc. and its related debtors seek court approval for use of cash collateral securing the liens of Charter One. The parties had been negotiating for several weeks and entered into some short interim orders, but reached an impasse as to a final order. The final hearing on use of cash collateral is set to be held on November 10th and 12th, 2009. On October 23, 2009, a preliminary hearing was held regarding possible use of cash collateral through conclusion of the final hearing. Following an evidentiary hearing, this Memorandum Opinion will stand as Findings of Fact and Conclusions of Law following the preliminary hearing.

## DISCUSSION

A debtor-in-possession may not use cash collateral unless the secured creditor consents or the court approves the use. 11 U.S.C. §§ 363(c)(2), 1107. At a preliminary hearing on that issue, use of cash collateral may be authorized only if there is a reasonable likelihood that the debtor-in-possession will prevail at the final hearing on the issue. *Id.* § 363(c)(3). At the final hearing, the use of cash collateral will be permitted, prohibited, or conditioned as is necessary to provide adequate

1

protection of the creditor's interest. *Id.* § 363(e).

At each hearing, the debtor-in-possession bears the burden of proof on the issue of adequate protection and the secured creditor bears the burden of proof on the issue of the validity, priority, or extent of its interest. *Id.* § 363(p). A creditor whose collateral is depreciating in value is not adequately protected. *United Sav. Ass'n of Tex. v. Timbers of Ironwood Forest Assocs., Ltd.*, 484 U.S. 365, 370 (1988).

The validity of Charter One's asserted interests is stipulated. However, the debtors argue that the bank has not met what they assert to be the creditor's burden to establish that its collateral is declining in value, and that it is therefore not entitled to adequate protection. For this proposition, the debtors rely on *In re Gunnison Ctr. Apartments, LP*, 320 B.R. 391, 396 (Bankr. D. Colo. 2005) and *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994). The debtors' reliance on these cases is misplaced: each discusses the *prima facie* case that a creditor must establish when moving for relief from the automatic stay under § 362(d). That is not the situation in this case. The debtors seek to use cash collateral, and § 363(p) clearly and explicitly places the burden on them, and not on Charter One, to establish that Charter One's interest is adequately protected.

A debtor may provide adequate protection through periodic cash payments, replacement liens, or "the indubitable equivalent" of the creditor's interest. 11 U.S.C. § 361. Some opinions have found that adequate protection is satisfied when a debtor reinvests the cash collateral in the operation and maintenance of the business "because the value of the secured creditor's interest in its collateral will thereby be increased." *E.g., Fed. Nat'l Mortgage Ass'n v. Dacon Bolingbrook Assocs. Ltd. P'ship*, 153 B.R. 204, 214 (N.D. Ill. 1993) (*citing In re Constable Plaza Assocs.*, 125 B.R. 98, 105 (Bankr. S.D.N.Y. 1991)). Others have found adequate protection satisfied when the property

securing the secured creditor's claim is worth more than the claim itself. *E.g.*, *In re Markos Gurnee P'ship*, 252 B.R. 712, 716–17 (Bankr. N.D. Ill. 1997) (Wedoff, J.) (*citing In re James Wilson Assocs.*, 965 F.2d 160, 171 (7th Cir. 1992)). Collateral is valued "in light of the purpose of the valuation and of the proposed disposition or use of such property." 11 U.S.C. § 506(a). An asset's value depends on the price that could be agreed by willing buyers and sellers negotiating for a replacement. *United Air Lines, Inc. v. Reg'l Airports Improvement Corp.*, 564 F.3d 873, 875 (7th Cir. 2009) (*citing Assocs. Commercial Corp. v. Rash*, 520 U.S. 953 (1997)).

At the preliminary hearing in this case, the debtors presented evidence that they are reinvesting Charter One's cash collateral into the operation and maintenance of the debtors' various businesses, that the amount of cash on hand will not decrease during the period before the final hearing, and that the debtors are or shortly will be marketing several of its parcels of real estate to raise more cash to fund their operations and reorganization plan. Additionally, the evidence suggests that Charter One has a substantial equity cushion. Charter One's liens total $6,503,538.21. The debtors' assets, including real estate, busses, and parts inventory, are worth $9,219,792.58 at fair market value and $6,352,792.58 at liquidation value. As the debtors propose to market some of their property as going concerns and also use the cash collateral as going concerns, rather than winding down their businesses, fair market value in the context of this case at this early stage after bankruptcy filing appears to be the appropriate valuation standard at least preliminarily. Using that standard, Charter One's equity cushion is almost 50%. No evidence was presented at the preliminary hearing to show that Charter One's collateral is or is not declining in value.

The foregoing tends to indicate preliminarily that Charter One's interest in the cash collateral is adequately protected. Thus, the debtors have shown that they are likely to succeed at the final

hearing.

## CONCLUSION

For these reasons, the debtors' motion to use cash collateral will by separate order be granted on an interim basis until the conclusion of the final cash collateral hearing scheduled to start on November 10th, 2009, and finish on November 12th, 2009.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 28th day of October, 2009.